**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |  |
|---|---|---|---|
| DERRICK STRONG, | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| | ) | Case No. | 19 C 8244 |
| v. | ) | | |
| | ) | | |
| CITY OF CHICAGO FIRE DEPARTMENT and | ) | Judge | |
| THE CITY OF CHICAGO, | ) | | |
| Defendants. | ) | | |

**COMPLAINT**

Plaintiff Derrick Strong ("Strong"), by and through the undersigned attorneys, alleges:

1. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq*. ("USERRA").

**PARTIES**

2. Mr. Strong began his employment with the Chicago Fire Department ("CFD") as a Cross-Trained Firefighter/Emergency Medical Technician-Basic in August 2009. Plaintiff Strong resides in Chicago, Illinois, which is within the jurisdiction of this Court.

3. The Chicago Fire Department provides fire suppression and emergency medical services to the City of Chicago, Illinois, under the jurisdiction of the Mayor of Chicago. The CFD maintains a place of business at 3510 S. Michigan Avenue, Floor 2, Chicago, Illinois 60653, a location within the jurisdiction of this Court.

4. The CFD is an employer within the meaning of 38 U.S.C. § 4303(4)(A), and is

subject to suit under USERRA under 38 U.S.C. § 4323(a).

5. The City of Chicago ("City") is a necessary party pursuant to Fed. R. Civ. P. 19(a)(l)(A) in that, upon information and belief, the Court cannot provide complete relief in its absence as the City, through its Department of Human Resources ("DHR"), manages both the application and test administration processes for promotional examinations for the CFD; and establishes promotional eligibility lists from which CFD promotions are made.

6. The City maintains a place of business, at 121 N. LaSalle Street, Chicago, Illinois. 60602, within the jurisdiction of this Court.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b).

8. Venue is proper in this district under 38 U.S.C. § 4323(c) because the Defendants are located in and do business in this judicial district; and are considered "private employer[s]" as defined in 38 U.S.C. § 4323(i). Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. Mr. Strong repeats the factual allegations set forth in paragraphs 1 – 8.

10. In his position as a Cross-Trained Firefighter/Emergency Medical Technician-Basic, Strong protects against loss of life and property in varied ways, including by

performing fire suppression and emergency support activities at fire emergencies, administering basic life support emergency medical services to injured or sick persons, neutralizing and containing hazardous agents and by evacuating persons at risk of harm. He is currently assigned to Squad 5, a Special Operations Heavy Rescue unit, where he responds to fire emergencies, hazardous materials incidents and technical rescue incidents throughout Chicago, including but not limited to confined space incidents, trench rescues, structural collapses, high-angle rope rescues, advanced extrications, and dive incidents.

11. Mr. Strong has been a member of the United States Army Reserve since July 2015. He is currently a Captain and a member of the Army's Judge Advocate General's Corps.

12. Mr. Strong is currently assigned to the 416th Theater Engineer Command's ("TEC"), Office of the Staff Judge Advocate as a Trial Counsel and Administrative Law Attorney, where he provides legal advice and overall legal support to the 416th TEC and its Command.

13. On or about August 31, 2016, Strong received notice that he had been ordered to active duty to begin on September 30, 2016.

14. On September 4, 2016, Strong submitted a written request for leave of absence form to the Chicago Department of Human Resources ("DHR") requesting military leave from September 30, 2016 through June 26, 2017.

15. In a written notice dated September 21, 2016, the DHR granted Strong's leave request from September 30, 2016 to June 26, 2017 for the purpose of an active duty mobilization in support of Operation Enduring Freedom.

3

16. On September 16, 2016, the DHR posted a job announcement for the rank of Fire Engineer and began accepting applications for the promotional examination. Applications were accepted online through October 3, 2016.

17. When the Fire Engineer examination was announced, Strong's Army Reserve assignment was with the 91st Legal Operations Detachment ("LOD"). In the LOD, he provided legal support on a wide array of issues, including drafting wills and power of attorney documents, to servicemembers at local Army Reserve units and Active Duty Army installations.

18. The job announcement outlined the components of the Fire Engineer examination, and announced Monday, November 14, 2016, as the date on which the written examination would be administered.

19. The Fire Engineer job announcement further noted that the hands-on proficiency testing portion of the examination would be administered during the period of Wednesday, November 30, 2016 through Wednesday, March 16, 2017, and that "only candidates who complete[d] the written examination w[ould] be given an appointment for the proficiency test."

20. The job announcement for the Fire Engineer examination indicated in bolded, capitalized letters that "[n]o reschedules will be permitted for either exam component."

21. The City published a "Fire Engineer Frequently Asked Questions (FAQs)" document simultaneously with posting the job announcement. In the FAQs, the City outlined two options for those CFD employees who were on "active military duty overseas [who did not] have access to some of the documentation that [was] required to be

4

attached to the online application." They could have family members or friends provide the documentation, including a valid State of Illinois driver's license with a minimum classification of A or B and a copy of their Fire Service Vehicle Operator Online Class Certificate of Completion. For those who did not have family or friends to assist, they had to attach documentation to their online application validating their active duty status.

22. On September 21, 2016, Strong submitted an application for the Fire Engineer promotional examination.

23. On September 22, 2016, Strong received an email from the DHR confirming receipt of his examination fee for the Fire Engineer position. It reiterated the dates of the written and the proficiency examinations.

24. Under the heading "Military Commitment Accommodation Requests," the September 22, 2016, email stated that "[c]andidates who have a military commitment on the date of the written examination will need to contact the City of Chicago, Department of Human Resources by the close of the payment grace period which is Tuesday, October 11, 2016 at Fire-application@cityofchicago.org. Please include "Military Commitment Request" in the subject line of your email. You will be required to provide information and/or supporting documentation regarding your request. The Department of Human Resources shall evaluate requests on an individual basis."

25. On September 26, 2016, Strong sent an email to the DHR stating "I will be on a military leave of absence for at least 270 days starting September 30, 2016. I have attached my orders. I will be on military orders the date of the written exam. I wish to have an opportunity to take the examination for the Fire Engineer position."

5

26. On September 27, 2016, Strong sent a second request to the DHR stating that he would be on active duty in support of Operation Enduring Freedom and requesting "a make up date to take the exam when I am not on active duty and a reasonable amount of time to prepare for the exam."

27. Mr. Strong's deployment began officially on September 30, 2016. While deployed, he performed several duties, many of which were new to him and required him to undertake complex training. Strong worked as a Legal Assistance Attorney in Fort Riley's Legal Assistance Office ("LAO"), during a period when the LAO was awarded the Chief of Staff Award of Excellence. Strong was also placed in a leadership role at the Fort Riley Tax Center. In order to perform his duties at the Tax Center, he completed difficult income tax training at The Judge Advocate General's Legal Center and School in Charlottesville, Virginia. During this period, Strong also had to take and pass an Internal Revenue Service course and exam in order to provide tax services at free centers. Finally, Strong also worked as an administrative law and domestic operations law attorney while deployed. In so doing, he was required to train in domestic operations law so that he could then instruct gate guards, military police and courtesy patrol personnel at Fort Riley on how to lawfully use force and execute other activities in the performance of their duties.

28. In an email dated October 5, 2016, DHR responded to Strong from the "Fire-application@cityofchicago.org" email address, to which Strong sent his initial request, informing him "[w]e will allow you to take a makeup examination when you return."

29. Despite initially granting Strong's request, DHR contacted him several times during his active duty deployment to obtain contact information for his commanding officer(s) and to schedule a remote administration of the written portion of the Fire Engineer examination.

30. On October 21, 2016, in response to a DHR inquiry seeking to arrange remote administration of the Fire Engineer examination, Strong again requested (to both the DHR vendor conducting the Fire Engineer examination and DHR representative Jill May) to take the examination following his return to work following completion of his deployment.

31. On October 30, 2016, in an email to then CFD Deputy District Fire Chief Edgar Ignacio Silvestrini, Strong repeated his request to take the Fire Engineer examination following his release from active military service.

32. On October 31, 2016, Jill May notified Strong that the DHR's October 5, 2016, grant of his request to take the Fire Engineer examination upon his return from active duty was erroneous. She noted that the DHR was prepared to remotely administer the first part of the examination to Strong on December 10, 2016, while he was on approved military leave from the CFD, at the site of his military duty station, and required that he accept or decline the remote test administration notice by November 4, 2016.

33. On November 4, 2016, Strong sent a letter to the DHR stating that its numerous emails seeking to have him take the Fire Engineer examination while on active duty - even after initially granting his request on October 5, 2016 - left him unclear on whether or not he would be permitted to take the examination upon his return from active duty. In addition, he noted that the DHR contacts were causing "a lot of

7

emotional stress and uncertainty regarding [his employment with the CFD] and how joining the military will affect [his] future." He also noted that he did not "wish to be harassed or discriminated against regarding th[e] test and [did] not wish to spend more time on th[e] issue while obligated to perform [his] military duty." Mr. Strong expressed that, per federal regulations, 20 CFR § 1002.193, USERRA would be violated if he was denied the opportunity to take the missed Fire Engineer promotional examination after a reasonable amount of time to readjust to reemployment after returning to the CFD upon completion of his military service obligations.

34. After Strong's letter of November 4, 2016, the DHR and CFD ceased contact with Strong about taking the Fire Engineer examination while on active duty military leave.

35. The City administered the Fire Engineer written examination on or about November 14, 2016, and the corresponding oral/proficiency examination in January, February and June of 2017.

36. Only candidates who completed the written examination were given an appointment for the oral/proficiency examination.

37. Mr. Strong was honorably discharged from active duty with the Army on June 26, 2017.

38. On June 28, June 29, July 3 and October 5, 2017, Strong contacted various CFD and DHR personnel requesting to makeup the Fire Engineer promotional examination that he missed while on active duty. He did not receive a response from either the CFD or DHR.

39. On or about September 17, 2017, Strong filed a complaint with the Department of Labor ("DOL") alleging that his rights under USERRA were violated.

40. On or about May 17, 2018, the City established the 2016 Fire Engineer eligibility list ("2016 List") for purposes of selecting CFD personnel for promotion to the Fire Engineer rank.

41. On information and belief, the CFD began making promotions from the 2016 List in June 2018.

42. The CFD typically offers promotional examinations, including Fire Engineer, approximately every ten (10) years.

43. Promotions continue to be made from the 2016 List to the Fire Engineer rank. The 2016 List will remain in effect until the administration of another Fire Engineer promotional examination.

44. Since his return from active duty in June 2017, the Defendants have failed to provide Strong an opportunity to make up the Fire Engineer promotional examination.

45. The DOL's Veterans Employment and Training Service investigated Strong's USERRA complaint, found that it had merit, and attempted to resolve the complaint informally.

46. After unsuccessful settlement efforts, the DOL referred Strong's complaint to the Department of Justice ("DOJ").

47. On September 20, 2019, the DHR posted a job announcement for the position of Fire Lieutenant and began accepting applications for the Lieutenant promotional examination.

9

48. Applications for the Lieutenant promotional examination were accepted until 11:59 PM CST on October 7, 2019.

49. The job announcement outlined the components of the Lieutenant examination; and announced Sunday, December 15, 2019, as the date on which the written examination will be administered.

50. The Lieutenant job announcement further noted that the oral assessment portion of the Lieutenant examination is tentatively scheduled to begin the weekend of Saturday, January 25, 2020; and that "only candidates who complete the written examination will be given an appointment for the oral assessment."

51. The job announcement for the Lieutenant examination also indicated in bolded, capitalized letters that "[n]o reschedules will be permitted for either test portion."

52. The last page of the Lieutenant job announcement stated that "[t]he City of Chicago is an equal employment opportunity and military friendly employer," but made no mention of the possibility of rescheduling the examination for servicemembers who will miss the examination opportunity due to military obligations.

53. On or about October 3, 2019, Strong applied and paid the examination fee for the Lieutenant promotional examination.

54. On October 3, 2019, Strong received an email from the DHR confirming receipt of his examination fee for the Lieutenant position. It reiterated the dates of the written examination and oral assessment and again, in bolded, capitalized letters, stated that "[n]o reschedules will be permitted for any reason."

55. Under the heading "Military Commitment Accommodation Requests," the October 3, 2019, email stated that "[c]andidates who have a military commitment on the date of

the written examination will need to contact the City of Chicago, Department of Human Resources by the close of the application period which is Monday, October 7, 2019, at Fire-application@cityofchicago.org. Please include "Military Commitment Request" in the subject line of your email. You will be required to provide information and/or supporting documentation regarding your request. The Department of Human Resources shall evaluate requests on an individual basis."

56. On November 19, 2019, individuals who applied to take the Lieutenant promotional examination received an email outlining specifics relating to test administration and changing the date and time by which to submit "military commitment requests" to the DHR to November 22, 2019, at 4:30 PM CST.

57. Upon information and belief, there are CFD employees who are currently deployed or will deploy prior to December 15, 2019, who wish to and are eligible to take the Lieutenant promotional examination but will miss one or both portions of the examination due to military service obligations; and will not be permitted by the City and/or the CFD to take the Lieutenant promotional examination following a reasonable adjustment period after their return from military service.

## COUNT I
### (Violation of USERRA)

58. USERRA requires that servicemembers on leave for more than ninety days should be promptly reemployed "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform." 38 U.S.C. § 4313(a)(2)(A).

11

59. USERRA regulations provide that "[i]f an opportunity for promotion, or eligibility for promotion, that the employee missed during service is based on a skills test or examination, then the employer should give him or her a reasonable amount of time to adjust to the employment position and then give a skills test or examination." 20 CFR § 1002.193.

60. By its conduct, the City has violated 38 U.S.C. § 4313 and 20 C.F.R. §1002.193 by denying Strong the opportunity to take the 2016 Fire Engineer promotional examination upon his return from active duty following a reasonable amount of time to adjust to his employment position, thereby continuing to deny Strong proper reemployment with the status and benefits he would have enjoyed but for his military service.

61. All conditions precedent to the filing of this suit have been performed or have occurred.

## PRAYER FOR RELIEF

62. The United States prays that the Court enter judgment against the Defendants and grant the following relief:

    a. declare that the Defendants' failure to provide Strong an opportunity to take a makeup Fire Engineer promotional examination upon his return from active duty following a reasonable readjustment period violated USERRA;

    b. order Defendants to comply with USERRA by:

12

(1)    providing Strong with a makeup examination for the 2016 Fire Engineer promotional examination, including a reasonable time to prepare for the examination;

(2)    interfiling Strong's score on the makeup Fire Engineer promotional examination to the 2016 Fire Engineer eligibility list;

(4)    should his score merit, providing Strong a certification for promotion date that corresponds to that of others who took the 2016 Fire Engineer promotional examination and achieved the same or similar score; and

(5)    should his score merit, promoting Strong to Fire Engineer with all of the rights, benefits (including, but not limited to, backpay), and seniority that Strong would have enjoyed if he had been permitted to take the promotional examination upon his return from his military service obligations and achieved the same score;

c.    award Strong prejudgment interest on the amount of lost wages and benefits found due;

d.    declare that the Defendants' failure to provide Strong and all servicemembers an opportunity to take promotional examinations upon their return from military service following a reasonable readjustment period violates USERRA;

e.    enjoin Defendants from requiring servicemembers, including Strong, on military leave to take promotional examinations while subject to military service obligations; and

13

f.   award such additional relief as justice may require, together with the costs and

disbursements in this action.

Respectfully submitted,

PLAINTIFF
Derrick Strong

By its attorneys:

JOHN R. LAUSCH, JR.                          ERIC S. DREIBAND
United States Attorney                        Assistant Attorney General
Northern District of Illinois                   Civil Rights Division

*/s/ Susan Willoughby Anderson*               */s/ Alicia D. Johnson*
SUSAN WILLOUGHBY ANDERSON          DELORA KENNEBREW
PATRICK W. JOHNSON                          *Chief*
*Assistant United States Attorneys*            *Employment Litigation Section*
United States Attorney's Office                 ANDREW BRANIFF
Northern District of Illinois, Eastern Division   *Special Litigation Counsel*
219 S. Dearborn St., 5th Floor                 ALICIA D. JOHNSON, DC Bar #494032
Chicago, IL 60604                              PATRICIA L. STASCO, DC Bar #490041
Phone: (312) 353-5327 (Johnson)/             *Senior Trial Attorneys*
(312) 886-9082 (Anderson)                     U.S. Department of Justice
Willoughby.Anderson@usdoj.gov               Civil Rights Division
Patrick.Johnson2@usdoj.gov                   Employment Litigation Section
                                                     150 M Street, N.E., Room 9.139
                                                     Washington, DC 20530
                                                     Phone: (202) 305-4349 (Johnson)/
                                                     (202) 353-2297 (Stasco)
                                                     Facsimile: 202-514-1005
                                                     Alicia.Johnson@usdoj.gov
                                                     Patricia.Stasco@usdoj.gov

Dated:  December 17, 2019