```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


Derrick Strong.                  )
                                 )
     Plaintiff,                  )
                                 )
                                 )
     v.                          )    No. 19 C 8244
                                 )
City of Chicago,                 )
                                 )
     Defendant                   )
```

## Memorandum Opinion and Order

Plaintiff has worked for the City of Chicago as a cross-trained Firefighter/Emergency Medical Technician-Basic since August of 2009. Since 2015, he has been a member of the United States Army Reserve, where he currently holds the rank of Captain and is a member of the Judge Advocate General's Corp. In this action, he claims that the City failed to reemploy him as required by the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4313, after he returned from a period of active duty military service. The City moves to dismiss the amended complaint under Fed. R. 12(b)(6), arguing that it fails to state an actionable claim. For the reasons that follow, the motion is granted in part.

I.

In late August of 2016, plaintiff received notice that he was to begin a period of active duty on September 30, 2016. On September 4, 2016, he submitted to the City's Department of Human Resources ("DHR") a written request for military leave of absence from September 30, 2016 through June 26, 2017.

On September 16, 2019, the DHR posted a job announcement for the position of Fire Engineer and began accepting applications for the promotional examination that candidates were required to pass to qualify for the "2016 Fire Engineer eligibility list" from which promotions would be made. The examination comprised two parts: first, a written component, and second, a hands-on proficiency test. The job announcement stated that the written portion would be administered on November 14, 2016, and that the proficiency test would be offered between November 30, 2016 and March 16, 2017, only to candidates who completed the written exam. The job announcement stated that "[n]o reschedules will be permitted for either exam component."

Plaintiff submitted an application for the Fire Engineering promotional examination on September 21, 2016. The following day, DHR confirmed receipt of his application fee in an email stating that "[c]andidates who have a military commitment on the date of the written examination will need to contact the City of Chicago, Department of Human Resources by the close of the payment grace period[,] which is Tuesday, October 11, 2016." Pursuant to these

2

instructions, plaintiff emailed the DHR on September 26, 2016, stating that he would be "on a military leave of absence for at least 270 days starting September 30, 2016," and that he "wish[ed] to have an opportunity to take the examination for the Fire Engineer position." In a second email to the DHR the following day, plaintiff requested "a make-up date to take the exam when [he was] not on active duty and a reasonable amount of time to prepare for the exam."

Plaintiff received an email from DHR on October 5, 2016, stating that he would be allowed to take a makeup examination after his return from active duty. Subsequently, however, DHR contacted plaintiff several times to arrange for plaintiff to take the written portion of the Fire Engineer qualifying exam remotely, during his active service. Although plaintiff reiterated his request to take a make-up exam following his release from active duty, the DHR informed him that the email stating that he could take a make-up exam after he returned was in error, and that he could take the exam remotely from his military duty station on December 16, 2016. To this, plaintiff responded that the DHR's communications "left him unclear on whether or not he would be permitted to take the examination upon his return from active duty." Compl. at ¶ 33. Plaintiff further stated that he did "not wish to spend more time on th[e] issue while obligated to perform [his] military duty," and that denying him the opportunity to take

3

a make-up test upon his return amounted to a violation of USERRA. *Id*. The parties had no further contact during plaintiff's active duty leave.

The City administered the written portion of the examination on November 14, 2016, and offered the skills-based proficiency exam in January, February, and June of 2017. Following his honorable discharge from active duty on June 27, 2017, plaintiff again requested to take a make-up exam. To date, the City has not allowed him to make up the missed exam. Accordingly, plaintiff is not included on the 2016 Fire Engineer eligibility list the City established in May of 2018, which comprises the field of candidates who may be promoted to Fire Engineer as positions become available until such time as the City administers another promotional examination. According to plaintiff, the City typically offers such examinations once every ten years.

In September of 2019, the DHR posted a job announcement for the position of Fire Lieutenant and began accepting applications for the promotional examination. The written examination was scheduled for December 15, 2019, with oral component tentatively scheduled to begin on January 25, 2020. The amended complaint, filed June 20, 2020, alleges that plaintiff applied to take the Fire Lieutenant promotional exam, but it does not state whether he sat for either component of the test or whether he was on military duty at the time. In a supplement filed in the course of briefing

4

the present motion, however, plaintiff states that he sat for the oral portion of the exam on August 25, 2020, and believes that he has now completed the required testing for the position.

II.

Section 4312 of USERRA grants members of the uniformed forces who leave civilian employment for military service the right to be rehired after their release from service, and it establishes the requirements they must meet to invoke that right.[1] For service members such as plaintiff, whose period of service exceeded ninety days, § 4313(a)(2) provides the rule for determining the appropriate reemployment position. The returning service member must be rehired "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of

---

[1] "To qualify for reemployment protection under § 4312, a service member must show that (1) his absence was due to military service, (2) he gave notice to his employer that he was leaving to serve in the military, (3) the cumulative period of military service with that employer did not exceed five years, (4) the employee was honorably discharged, and (5) the employee timely requested reinstatement." *Kane v. Town of Sandwich*, 123 F. Supp. 3d 147, 161 (D. Mass. 2015) (internal quotation marks and citation omitted). The City does not dispute that plaintiff has alleged these elements.

which the person is qualified to perform." 38 U.S.C. § 4313(a)(2)(A).

Courts analyzing § 4313 claims rely on "two intersecting doctrines—the 'escalator principle' and the 'reasonable certainty test'—used to determine the status or position to which a returning service member is entitled." *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1105 (9th Cir. 2017) (citing 20 C.F.R. § 1002.2 and *Rivera-Melendez v. Pfizer Pharm., LLC*, 730 F.3d 49, 54 (1st Cir. 2013)). The escalator principle ensures that a returning service member's expected progress in his or her career trajectory (i.e., the "escalator") is not stalled due to military service. *See id*. The reasonable certainty test is used to ascertain the returning service member's position on the "escalator" by "inquiring into the position a returning service member would have been 'reasonably certain' to have attained absent the military service." *Id.* at 1106. The fact that a promotion is "subject to certain contingencies or variables" does not prevent the service member from showing that the higher position is his or her escalator position. *Tilton v. Missouri Pac. R. Co.*, 376 U.S. 169, 178 (1964) (internal quotation marks and citation removed). To the contrary:

> It would be virtually impossible for a veteran to show... that it was absolutely certain, 'as a matter of foresight' when he entered military service, that all circumstances essential to obtaining an advancement in status would later occur. To exact such certainty as a condition for insuring a veteran's seniority rights would render these statutorily protected rights without

> real meaning. As Benjamin Franklin observed, 'In this world nothing is certain but death and taxes.' In every veteran seniority case the possibility exists that work of the particular type might not have been available; that the veteran would not have worked satisfactorily during the period of his absence; that he might not have elected to accept the higher position; or that sickness might have prevented him from continuing his employment.

*Id. at* 180-81. Such unknowns, the *Tilton* Court concluded, do not foreclose a service member's ability to return to a higher position than the one he or she held prior to service. Instead, the Court held, the service member is entitled to reemployment in the higher position "if, as a matter of foresight, it was reasonably certain that advancement would have occurred, and if, as a matter of hindsight, it did in fact occur." *Id*. at 181. Plaintiff plainly cannot make the second showing, since the essence of his complaint is that he *cannot* advance to the Fire Engineer position due to the City's refusal to offer him a make-up examination. But that does not end the analysis.

While an employee must be qualified for the position he or she seeks upon rehire, "[t]he employer must make reasonable efforts to help the employee become qualified to perform the duties of this position." 20 C.F.R. § 1002.198. "Reasonable efforts" means "actions, including training provided by an employer, that do not place an undue hardship on the employer." *Butts v. Prince William Cty. Sch. Bd*., 844 F.3d 424, 432 (4th Cir. 2016). Accordingly, plaintiff can potentially prevail on his § 4313 claim if he can

7

show that without undue hardship, the City could have administered a make-up examination upon his return to service that might have earned him a spot on the 2016 Eligibility List. Of course, plaintiff would also have to show that his promotion to Fire Engineer was reasonably certain assuming his successful completion of the exam. *See Pomrening v. United Air Lines, Inc.*, 448 F.2d 609, 614 (7th Cir. 1971) (*Tilton* Court "was not concerned with the likelihood that the veteran would have completed the training, but only with likelihood that he would have been advanced if he did successfully complete it.").[2] The City argues that the allegations of the amended complaint do not plausibly suggest that is the case, noting that the job announcement itself advised that "'[s]uccessfully completing any step or all steps in the Fire

---

[2] Plaintiff argues that the "reasonable certainty" test does not apply to his claim at all, pointing to *Fink v. City of New York*, 129 F. Supp. 2d 511, 515 (E.D.N.Y. 2001). While it is true that the fact pattern in *Fink* is similar to the one here ("studies for a test that is a prerequisite for promotion, goes on military leave, which prevents him from taking that test at the scheduled time, returns from military leave a few months later, asks to take the test and is denied the opportunity to do so)" *id.*, the *Fink* court rejected the reasonable certainty test out of concern that its application on these facts "would make a mockery of the statutory protection" because "[a]ny returning veteran who is denied a right to take a difficult promotional make-up exam with a low pass rate will never satisfy a 'reasonable certainty' standard." *Id*. But that concern is unwarranted under the *Pomrening* court's interpretation of the test, which *assumes* that the employee would pass the promotional test and trains its inquiry on whether, having done so, the employee is reasonably certain to be promoted. *See* 448 F.2d at 614.

Engineer Process or being placed on an eligible [sic] list does not guarantee promotion,'" Mot. at 7, and that "with 750 firefighters on the current eligibility list, promotion is far from likely for a number of candidates," Reply at 2. But this is not an issue that can be decided on the pleadings, and plaintiff's allegations are sufficient to state a claim that the City failed to make reasonable efforts to enable him to return to his "escalator" position.

The City also argues that because it offered to administer the exam remotely during plaintiff's period of active duty, it was not required to offer him a make-up exam upon his return. As noted above, however, the inquiry into the reasonableness of an employer's efforts focuses on hardship to the employer in qualifying the returning service member *after* his or her return from service, not on the employer's conduct during the service member's military leave. Moreover, one of USERRA's primary purposes is "to encourage military service by minimizing the disadvantages to civilian careers." *DeLee v. City of Plymouth, Ind.*, 773 F.3d 172, 175 (7th Cir. 2014). While it may be true that plaintiff could have avoided missing the qualifying exam if he had agreed to take the written portion remotely, plaintiff might be able to show that requiring him to prepare for and take the test during his period of active duty placed him at a disadvantage as

9

compared to non-service members, arguably in violation of the statute's purpose.

For these reasons, I conclude that plaintiff is entitled to proceed on his claim based on the City's failure to offer him a make-up examination for the Fire Engineer position. I agree with the City, however, that plaintiff has not pled a viable USERRA claim based on the Fire Lieutenant examination as he has now completed the qualifying assessments for that position without interruption due to military service. That claim is dismissed.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: October 23, 2020